```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


_____
                               )
UNITED STATES OF AMERICA,      )
                               )
                               )
vs.                            )    CRIMINAL ACTION
                               )    NO. 04-1732-CBS
RICARDO ESTRADA, ET AL,        )
         Defendants,           )
_____)
```

### ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION
### June 23, 2004

**SWARTWOOD, M.J.**

#### I. Background

On May 3, 2004, a Criminal Complaint was filed, charging Ricardo Estrada, ("Mr. Estrada"), and others, with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §846.

At Mr. Estrada's initial appearance in this case on May 3, 2004, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment),(f)(1)(C)(Mr. Estrada is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act") and (f)(2)(A)(risk of flight).

The matter was then continued to May 24, 2004 for a consolidated probable cause/detention hearing.

By Order dated June 4, 2004, I found probable cause for the offense charged against Mr. Estrada and others in this Complaint. At the May 24, 2004 hearing, the Government also presented evidence on the issue of detention and following that hearing, Mr. Estrada requested several continuances and the matter was eventually heard on June 21, 2004, at which time a Pretrial Services interview had been completed, a motion was filed by Mr. Estrada suggesting conditions of release and arguments were made by counsel.

## II.  Findings of Fact

I adopt and incorporate herein the findings of fact contained in my Order of June 4, 2004 in this case. (Docket No. 14).

## III.  The Bail Reform Act

### A.  Discussion of the Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a).  Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18

U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e). The Supreme Court, in <u>United States v. Salerno</u>, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." <u>Id.</u> at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. <u>See</u> 18 U.S.C. § 3142 (f); <u>United States v. Jackson</u>, 823 F.2d 4-5 (2d Cir. 1987); <u>United States v. Berrios-Berrios</u>, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). <u>See</u> also <u>United States v. Patriarca</u>, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

   The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. <u>See</u> 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own

motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice.  18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release.  See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e).  Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no

condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

    (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    2.    the weight of the evidence against the person;

    3.    the history and characteristics of the person, including:

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        b.    whether, at the time of the current offense or arrest, he was on probation, on parole, or

>    other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

  IV. <u>Discussion of Whether Detention is Warranted</u>

   A. <u>Mr. Estrada's History and Characteristics</u>

  Mr. Estrada was born in Guadalajara, Mexico on October 13, 1963.  Mr. Estrada first entered the United States illegally on September 1, 1985 and remained in the United States until he received his resident alien card on March 26, 1990.  Since 1990, Mr. Estrada has returned to Guadalajara, Mexico about once a year to visit his family and has traveled to other parts of Mexico two or three times a year.  Mr. Estrada has traveled to Canada twice for work related reasons.

  For the past eight years, Mr. Estrada has lived in his tractor, but has maintained various mailing addresses in Southern California.

  As an illegal alien, Mr. Estrada was married to a United States citizen in 1988 and has three children from this marriage.  All three children reside with their mother in Southern California.  Mr. Estrada and his wife were divorced about seven years ago.

  Mr. Estrada's parents, a brother and sister all live in Guadalajara, Mexico.  Mr. Estrada has two other brothers who live in Riverside, California.

For the past seventeen years, Mr. Estrada has been a long-distance truck driver.  In 1999, Mr. Estrada purchased his own tractor and has either worked for himself or for other transportation companies since that time.

Mr. Estrada has no criminal record.

### C. Nature of the Offense and Weight of the Evidence

I have previously found probable cause for the offense charged against Mr. Estrada in this Complaint.  Mr. Estrada was intercepted and recorded making arrangements for the delivery of substantial amounts of cocaine to a criminal enterprise on the North Shore of Massachusetts, which is in the business of selling cocaine.  Additionally, Mr. Estrada was observed by law enforcement officials delivering suitcases to members of this criminal enterprise at the Country Side Motel in Peabody, Massachusetts.  The suitcases were later searched and found to contain 50 kilograms of cocaine.  Therefore, I find that the weight of the evidence against Mr. Estrada is substantial.

### D. Rebuttable Presumption

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C) and (f)(2)(A).  The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Estrada were released, or the appearance of Mr. Estrada as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case, because Mr. Estrada is charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act. I have found probable cause exists for the offense charged against Mr. Estrada in the Complaint. Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Estrada or the safety of the community if he were released. I find that Mr. Estrada has not produced nor proffered any credible evidence on his behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985); <u>United States v. Vires</u>, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Estrada has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that they pose a danger to the community and a risk of flight.

### E.  <u>Burden of Proof</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Estrada were released, or the appearance of Mr. Estrada as required.

The Government's burden of proof is by:

(1) *Clear and convincing evidence* that Mr. Estrada, if released, would pose a serious danger to any person or the community, or

(2) A *preponderance of the evidence* that Mr. Estrada, if released, would not appear as required.

F. <u>Whether Mr. Estrada Poses A Danger to the Community</u>

Mr. Estrada was observed delivering 50 kilograms of cocaine to a criminal enterprise at a motel in Peabody, Massachusetts. However, Mr. Estrada has no criminal record and there is no evidence that he has ever been involved in any other criminal activity.  Therefore, I decline to detain Mr. Estrada on the grounds that he poses a danger to the community pursuant to 18 U.S.C. §§3142(f)(1)(B) or (C).

G. <u>Whether Mr. Estrada Poses A Risk Of Flight</u>

Mr. Estrada is a resident alien and if he is found guilty of the offense charged in this Complaint, he faces a substantial period of incarceration and certain deportation following that incarceration. Although Mr. Estrada has three children living with their mother in Southern California, his children, who are United States citizens, could always travel a few miles to Mexico to see their father if he were to flee to Mexico.  Additionally, Mr. Estrada's parents, a brother and a sister all live in Guadalajara, Mexico.  For the past seven or eight years, Mr. Estrada has had no

permanent residence and has lived in his truck which has been seized by the Government.  Therefore, considering the totality of these circumstances, I find by a preponderance of the evidence that there are no conditions or combination of conditions that I can impose that would assure Mr. Estrada's appearance in Court as directed.

V.   <u>Order of Detention Pending Trial</u>

In accordance with the foregoing memorandum,

IT IS ORDERED:

    1.   That Mr. Estrada be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    2.   That Mr. Estrada be afforded a reasonable opportunity for private consultation with counsel; and

    3.   On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Estrada is detained and confined shall deliver Mr. Estrada to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

<u>RIGHT OF APPEAL</u>

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).


<u>/S/CHARLES B. SWARTWOOD, III</u>
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE