UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )
                               )
                               )
vs.                            )    Criminal No. 04-10299-PBS
                               )    (Complaint No. 04-1732-CBS)
                               )
RICARDO ESTRADA, et al.,       )
         Defendants.           )
_____)
```

**ORDER**
December 9, 2004

**SWARTWOOD, M.J.**

By Order of Reference dated September 29, 2004, this case has been referred to me for pretrial proceedings. Furthermore, I issued the underlying Complaint which is the subject of Mr. Estrada's motion. This Order addresses Defendant's Motion To Dismiss The Complaint With Incorporated Memorandum Of Law (Docket No. 23) filed by Ricardo Estrada.

Nature Of The Case

On May 3, 2004, I signed a Complaint charging Mr. Estrada and three others with conspiracy to possess with intent to distribute cocaine, a Scheduled II controlled substance, in violation of 21 U.S.C. §§ 846. On September 29, 2004, an Indictment was returned charging Mr. Estrada and three others with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §846. On October 6, 2004, a First Superceding Indictment was returned charging Mr. Estrada and *twenty-three* others with conspiracy to

possess with intent to distribute cocaine in violation of 21 U.S.C. §846.

## Nature of the Proceeding

Mr. Estrada requests that the Complaint be dismissed, as to him, with prejudice, because the Government failed to indict him within 30 days of his arrest as required by 18 U.S.C. §3161(b).[1]

## Discussion

Mr. Estrada was charged in a multi-defendant complaint. Although the First Circuit has not addressed this issue, there is authority to suggest that 18 U.S.C. §3161(h)(7)[2] does not apply at the pre-indictment stage and, therefore, time excluded as to one defendant is not excluded as to the other defendants. <u>See</u> <u>United States v. Garrett</u>, 720 F.2d 705 (U.S.APP.D.C 1983). I have recently held, contrary to the Federal Circuit, that Section 3161(h)(7) applies at the pre-indictment stage. However, since in this case including the excludable time of Mr. Estrada' codefendants would not effect the computation of excludable delay as to him, it is not necessary for me to further address this issue.[3]

---

[1] Section 3161(b) provides, in relevant part, as follows: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested...."

[2] Section 3161(h)(7) provides that excludable time includes: "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted".

[3] Mr. Estrada was initially charged in a Complaint with three codefendants. The Indictment charged him and those same three individuals. The First Superseding Indictment charged Mr. Estrada, those same three individuals and twenty additional defendants. Although I find that Section 3161(h)(7) would apply to any excludable delay attributable to the three codefendants with whom Mr. Estrada was originally charged in the Complaint, Section 3161(h)(7) would not

Relevant Facts

1. May 3, 2004: the Complaint issued against Mr. Estrada.

2. May 3, 2004: Mr. Estrada was arrested and had his initial appearance. The Government moved to detain Mr. Estrada pursuant to 18 U.S.C. §§3142(f)(1)(B), (f)(1)(C) and (f)(2)(A). A probable cause/detention hearing was set for May 5, 2004.

3. May 5, 2004: Mr. Estrada's probable cause/detention hearing was continued, at his request, until May 24, 2004.

4. May 24, 2004: Mr. Estrada's probable cause and detention hearing was begun and the detention portion of the hearing was continued to June 1, 2004 (prior to that date, the hearing was continued until June 3, 2004) and then to June 21, 2004 for further proceedings.

5. June 4, 2004: The Court issued an Order finding probable cause for the charges against Mr. Estrada (Docket No. 4).

6. June 21, 2004: Mr. Estrada's probable cause detention hearing was concluded.

7. June 23, 2004: Court issued a Memorandum of Probable Cause and Order of Detention (Docket No. 20) as to Mr. Estrada.

8. July 2, 2004: Mr. Estrada filed a motion to reconsider the Court's order of detention.

9. July 12, 2004: Court denied Mr. Estrada's motion to reconsider.

---

apply to excludable delay attributable to the twenty additional defendants that were first charged with Mr. Estrada in the First Superseding Indictment.


10. July 20, 2004: Government and counsel filed assented to motion to exclude the period from July 21, 2004 through August 26, 2004 and thereafter, agreed to exclude through September 1, 2004.

11. September 29, 2004: an Indictment was returned against Mr. Estrada and others.

Mr. Estrada's initial appearance was on May 3, 2004 at which time, the Government made a motion that Mr. Estrada be detained and a hearing on the Government's motion for detention/probable cause was set for May 5, 2004. Thereafter, the probable cause/detention hearing was continued, at the request of Mr. Estrada, until May 24, 2004. On May 24, 2004, Mr. Estrada's probable cause/detention hearing commenced and the detention portion of that hearing was ultimately continued until June 21, 2004, at his request. On June 4, 2004, this Court issued an Order finding probable cause for the charges against Mr. Estrada. Mr. Estrada's detention hearing concluded on June 21, 2004 and on June 23, 2004, this Court issued an order detaining Mr. Estrada. Therefore, the period of time from May 3, 2004 through June 23, 2004 is excluded as time during which Mr. Estrada initially appeared in Court, the Government's motion for detention was pending, a hearing was held and an order issued. On July 2, 2004, Mr. Estrada filed a motion for reconsideration of this Court's detention order, which was denied on July 12, 2004. The period from July 2-July 12, 2004 is, therefore, excluded. The period from July 21, 2004 through September 1, 2004 was excluded by agreement of the parties. Therefore, the Government had until Thursday, September 15, 2004 to indict Mr. Estrada. Mr. Estrada

was not indicted until September 29, 2004, some forty-three non-excludable days after his arrest.[4]

The Government failed to indict Mr. Estrada within thirty days of the date of his arrest and therefore, the Complaint must be dismissed. See 18 U.S.C. §3162(a)(1).[5]  The question now becomes whether such dismissal is with or without prejudice. See 18 U.S.C. §3162.  Section 3162 sets forth the following factors to be considered by the Court in determining whether to dismiss the complaint "with or without" prejudice: "the seriousness of the offense; the fact and circumstances of the case which led to dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice". The court should also be cognizant that the purpose behind the rule requiring that the defendant be indicted promptly "`is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself'". United States v. Burgos, 254 F.3d 8, 15 (1st Cir. 2001)(citation to quoted case omitted).

---

[4] In determining excludable delay, Mr. Estrada's counsel neglected to include the period from June 3-23, 2004, the period during which Mr. Estrada had requested a continuation of his detention hearing and the issuance of the Court's detention order, and the period from July 2-12, 2004, the period during which Mr. Estrada filed a motion for reconsideration and the Court ruled on that motion.

[5] Section 3162(a)(1) provides that: [i]f the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by 3161(h) ..., such charge against that individual contained in such complaint shall be dismissed or otherwise dropped".

Mr. Estrada is charged with serious drug offenses. He is alleged have conspired with others to distribute more than 50 kilograms of cocaine on the North Shore of Massachusetts. I have previously determined that the evidence against him is substantial. Under these circumstances, I find that this factor weighs heavily in favor of dismissal without prejudice of the case against Mr. Estrada. Second, although Mr. Estrada was initially charged in a complaint with three other individuals, he was arrested in connection with the culmination of an nearly sixteen month investigation of a drug organization that was bringing drugs into the United States from Mexico. The complex investigation involved informants, undercover agents, Title III intercepts, global positioning systems on multiple automobiles, surveillance of individuals and recorded and monitored controlled purchases of illegal narcotics. Thus, a tremendous volume of information was required to be presented to the grand jury. There is no suggestion by Mr. Estrada that the delay was attributable to any bad faith on the part of the Government (Mr. Estrada suggests the delay was attributable to the Government's intent to indict Mr. Estrada as part of the larger conspiracy, which ultimately occurred on October 6, 2004, when the First Superseding Indictment was returned). Furthermore, the delay of approximately two weeks is *de minimis*. On the other hand, Mr. Estrada promptly raised his concern that the Government had failed to indict him within the required timetable. Under the totality of these circumstances, this factor weighs heavily in favor of dismissal without prejudice.

As to the remaining factors: *any* violation of Section 3161(b) adversely affects the administration of justice. At the same time, Congress has not mandated that every violation of Section 3161(b) shall result in dismissal of the defendant's case, with prejudice. Instead, Congress has recognized that each case must be reviewed under its unique set of facts to determine the resultant impact of the delay. While, for purposes of this discussion, the Indictment was returned more than thirty non-excludable days after Mr. Estrada was arrested in this case, that delay was not excessive and Mr. Estrada has not pointed to any actual prejudice suffered as the result of the delay. Simply put, trial of Mr. Estrada would not have a negative effect on the fair and efficient administration of justice. Under the totality of these circumstances, I find that Section 3161(b) has been violated. However, the dismissal of the Complaint as to Mr. Estrada shall be without prejudice. Therefore, the Government's case against Mr. Estrada may proceed.

## Conclusion

1. Defendant's Motion To Dismiss The Complaint With Incorporated Memorandum of Law (Docket No. 23) filed by Ricardo Estrada is <u>allowed</u>. The dismissal is without prejudice and therefore, the Government's case against Mr. Estrada may proceed.

/s/ Charles B. Swartwood III
Charles B. Swartwood III
Magistrate Judge