```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
                             )   CRIMINAL ACTION
     v.                      )
                             )   NO. 04-10299-4-PBS
RICARDO ESTRADA              )
                             )
                             )
```

## UNITED STATES' SENTENCING MEMORANDUM

The United States respectfully submits that the Court should sentence defendant RICARDO ESTRADA to 108 months, the low-end of the applicable Sentencing Guideline Range. As support the government submits as follows.

1. On February 27, 2006, defendant RICARDO ESTRADA pled guilty to Counts One and Nine of the Second Superseding Indictment without a plea agreement.

2. As determined by the Pre-Sentence Report (PSR), the base offense level is 36, pursuant to Section 2D1.1(b)(2) of the U.S. Sentencing Guidelines, based upon ESTRADA's distribution of 50.18 kilograms of cocaine on May 1, 2004 to co-defendant Daniel Aguilar at the Countryside Motel in Peabody, MA.

2. Defendant has argued for a role adjustment under Section 3B1.2 of the U.S.S.G. The government objects to any such adjustment. A defendant who seeks a downward adjustment stemming from his supposedly peripheral role in the offense bears the burden of proof on that issue. United States v. Mateo-Espejo, 426 F.3d 508, 512 (1st Cir. 2005); United States v. Ocasio, 914

F.2d 330, 332-33 (1st Cir.1990). To qualify for a minor role reduction under U.S.S.G. §3B1.2(b), the defendant must satisfy a two-pronged test. First, he must demonstrate that he is less culpable than most of those involved in the offenses of conviction. See United States v. Santos, 357 F.3d 136, 142 (1st Cir.2004); Ocasio, 914 F.2d at 333. Second, he must establish that he is less culpable than most of those who have perpetrated similar crimes. See Santos, 357 F.3d at 142; Ocasio, 914 F.2d at 333. Furthermore, the commentary to Section 3B1.1 dictates that the defendant should not only be less culpable, but should be "substantially less culpable than the average participant." U.S.S.G. §3B1.2, (comment) n.3(A).

   3.   Here, it cannot be said that defendant was substantially less culpable than the average participant. While it is true, that defendant was not intercepted during the Title III intercepts in Massachusetts, defendant came from California to take part in the main event of the case; the delivery of more than a million dollars worth of cocaine which Andres Martinez had coordinated with the "Nephew" during the wiretap on his cellular phone.

   4.   The government agrees that defendant should receive a three level reduction for acceptance of responsibility under Section 3E1.1.

   5.   The government furthermore agrees that defendant has satisfied the requirements of Section 5C1.2, should receive a two

level reduction under Section 2D1.1(b)(7), and should be sentencing below the otherwise applicable statutory mandatory sentence of ten years.

6.  The total adjusted offense level should be level 31, Criminal History Category I, with a Sentencing Guideline Range of 108 to 135 months.

>                          Respectfully submitted,
>
>                          MICHAEL J. SULLIVAN
>                          United States Attorney
>
>
>                  By:     /s/ Neil J. Gallagher, Jr.
>                          Neil J. Gallagher, Jr.
>                          Assistant U.S. Attorney
>                          One Courthouse Way
>                          Boston, MA
>                          (617) 748-3397

Date: May 25, 2006


### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>                          /s/ Neil J. Gallagher, Jr.
>                          Neil J. Gallagher, Jr.